GOITÍA, RECURRENTE, *v.* EL REGISTRADOR DE CAGUAS, RECURRIDO.

RECURSO gubernativo interpuesto contra negativa del Registrador de la Propiedad de Caguas a inscribir una escritura de compraventa.

No. 431.—Resuelto en diciembre 16, 1919.

FE NOTARIAL EN CUANTO AL CONTENIDO DE LA ESCRITURA — NULIDAD DE ESCRITURA—INSCRIPCIÓN.—No estimando la Ley Notarial como causa de nulidad de una escritura pública el dejar de consignar el notario que da fe o certifica del contenido de todo el documento, no puede sostenerse que no es inscribible una escritura que si bien carece de tal requisito, aparece que ha sido signada, firmada e incorporada al protocolo del notario autorizante.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Rafael Arce.*

El registrador recurrido no compareció.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

El recurrente, como parte interesada y persona a quien afectaba la negativa del registrador, solicita la revocación de dos calificaciones del Registrador de la Propiedad de Caguas. En la primera de estas calificaciones se sostenía que el notario autorizante de la escritura debía de cumplir con ciertas formalidades o de dar fe sobre algunos particulares que se mencionan en varias cláusulas de la escritura en cuestión.

La nota del registrador para su primer calificación es como sigue:

"Denegada la inscripción del documento que precede, que es la escritura No. 172, pasada en esta ciudad el 17 de septiembre de 1910 ante el notario Rafael Arce Rollet, y extendida en su lugar anotación preventiva durante 120 días a favor de Juana Torres al folio 250 del Tomo 28 de Caguas, finca No. 1421, anotación letra 'b'; por la razón siguiente: Porque el notario autorizante de la misma no da fe de haberla leído a los otorgantes y a los testigos instrumentales o de haber permitido que la leyesen a su elección antes de que la firmasen y de advertir a unos y a otros que tenían el derecho de leerla por sí; ni dando tampoco fe dicho notario de los actos, pactos y condiciones del contrato a que el ameritado documento se contrae, y ni aun siquiera ha consignado al final de éste que cer-

tifica de todo lo contenido en el mismo para que tal expresión se entienda aplicada a todas las palabras, actos, estipulaciones, manifestaciones y condiciones reales o personales contenidos en el predicho instrumento con arreglo a las leyes, uno de cuyos actos es la firma del mismo por los otorgantes y testigos ante el notario que lo autoriza. Y siendo esto así y no habiendo llenado el notario dicha formalidad, las firmas de los otorgantes y testigos que aparecen al pie del mencionado instrumento carecen de eficacia alguna legal, están como si no hubieran sido puestas y por ende la falta de dichas firmas lo vicia de nulidad. Secciones 1ª., 9, 17 y 20 de la Ley Notarial, artículos 3, 18 y 22 de la Ley Hipotecaria; artículos 1184, 1185, 1191 del Código Civil; 11 D. P. R. 594; 23 D. P. R. 222. Se hace constar el defecto subsanable de no expresarse la medida superficial del solar.''

La escritura, entre otras cosas, expresa lo siguiente:

''Así lo dicen y otorgan por ante los testigos vecinos de esta localidad y sin excepción legal'' (citándose los nombres de dichos testigos).

''Leída que les fué esta escritura, porque renunciaron al advertírseles el derecho que tenían de hacerlo por sí, se ratificaron y firman.''

''Doy fe de conocer a los otorgantes. Y respecto de la edad, estado, profesión y vecindad de los mismos, doy también fe de acuerdo con sus manifestaciones.''

La escritura original está firmada por todas las partes y testigos y está signada y firmada por el notario que la autoriza, haciéndose constar que hay un sello de rentas internas de un dollar. Copia de esta escritura también fué extendida por el notario bajo su signo, firma y sello, haciendo constar que es copia conforme con el original de su contenido obrante en el protocolo original.

Sostiene el recurrente que el único particular omitido en la escritura es el no haberse hecho constar que el notario certifica o da fe del contenido de dicha escritura. Creemos, para mayor claridad, que hubiera sido mejor si el notario hubiese certificado en esa forma, pero el decir que una escritura en la cual simplemente se omite tal fórmula no puede

ser inscrita realmente es ir demasiado lejos. La escritura que nos ocupa está signada y firmada por el notario y llevada a su protocolo con la misma solemnidad. En cuanto a este particular las partes han demostrado haber cumplido con la ley y se les advirtió por el notario respecto a sus derechos y los testigos requeridos por la ley firmaron en debida forma. Si bien es cierto que la Ley Notarial prescribe que el notario dará fe del contenido de una escritura, sostenemos, sin embargo, que dicho funcionario llena los fines de la referida ley cuando signa y firma la escritura y la lleva a su protocolo. Es mejor, como hemos sugerido, que el notario al final del documento certifique o dé fe de todo lo contenido en el mismo, pero su omisión no anula la escritura si aparece, de modo claro, el acto e intención de cumplir con las solemnidades y otorgar un documento público. La Ley Notarial prescribe que la omisión de las firmas de los otorgantes, testigos, y otros particulares producirán la nulidad de la escritura, pero no declara igual nulidad por haber dejado de consignar el notario que da fe o certifica del contenido de todo el documento.

El artículo 3 de la Ley Hipotecaria dispone que para que puedan ser inscritos los títulos, deberán, entre otros modos, estar consignados en escritura pública, y ningún profesional ni particular dudaría de que el documento sometido a nuestra consideración por virtud del cual se trasfiere el título es una escritura pública. No tenemos duda alguna de que la escritura de este caso cumple suficientemente con la Ley Notarial y que es un documento público de acuerdo con los artículos 1184 y siguientes del Código Civil y 45 y siguientes de la Ley de Evidencia, y reunía por tanto los requisitos necesarios para su inscripción.

La segunda calificación envuelve la negativa a inscribir una escritura otorgada por el comprador a favor de un tercero basada en el primer documento. Una vez inscrito el primer documento la objeción de falta de título inscrito en el vendedor desaparece y la segunda escritura reune las con-

diciones legales para ser inscrita con los defectos subsanables que no han sido objeto de esta apelación.

Las dos calificaciones deben ser revocadas y verificadas las inscripciones.

> *Revocadas las notas recurridas ordenándose*
> *la inscripción con los defectos subsanables*
> *apuntados por el registrador.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.